**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

FANNY LASTENIA MUNOZ DIAZ                    CIVIL ACTION NO. 26-0230

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

LISA BOWEN, ET AL.                           MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is a Motion for Restraining Order (Record Document 9) and an Amended Motion for Temporary Restraining Order (Record Document 10) filed by the habeas petitioner in this case, Fanny Lastenia Munoz Diaz ("Petitioner"). In light of the amended Motion being filed, the original Motion (Record Document 9) is **DENIED AS MOOT**.

Petitioner is a citizen of Ecuador who was ordered removed from the United States in approximately 2015. See Record Document 1 at 2, 5. Following that order, she was released from immigration custody and remained in the United States under an order of supervision for several years, during which she attended regular check-ins with immigration authorities. See id. at 2, 9. On December 11, 2025, Petitioner was taken back into custody by immigration officials during a check-in appointment and has remained detained since that time. See id. at 2, 9.

On January 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1), challenging the legality of her detention and seeking immediate release. See id. at 10–11. In that Petition, she asserts that her detention violates the Immigration and Nationality Act and her constitutional right to due process. See id. at 9–10. In the instant Motion, Petitioner seeks emergency injunctive relief in the form of an order

requiring Respondents to release her from custody during the pendency of this action. See Record Document 10-1 at 8.

Petitioner's request in the instant Motion is one for injunctive relief. An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in her Habeas Petition, that is, immediate release. In Pema Sherpa v. Judith Almodovar, et al., another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should

"not conclusively resolve legal disputes." <u>Lackey v. Stinnie</u>, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an improper effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. <u>See</u> <u>Garcia-Aleman v. Thompson</u>, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Accordingly,

Petitioner's Amended Motion for Temporary Restraining Order (Record Document 10) is hereby **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of April, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

3